IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DINA SINGH | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:20cv94-HSO-RHWR |
| | § | |
| CITY OF MOSS POINT, MISSISSIPPI; MARIO KING; and JOHN DOES 1-5 | § | DEFENDANTS |

## ORDER TO SHOW CAUSE

This matter is before the court sua sponte for case management purposes. After due consideration of the record and relevant legal authority, the Court will require that Plaintiff Dina Singh show cause no later than **November 5, 2021**, why her claims against Defendants John Does 1-5 should not be dismissed without prejudice.

On July 2, 2019, twelve individuals who were employees or residents of the City of Moss Point, Mississippi (the "City"), initiated an action in this Court against the City and Mayor of Moss Point Mario King ("King"), collectively "Defendants." Compl. [1]. Plaintiffs collectively advanced seven claims, including First Amendment, Second Amendment, Title VII, age discrimination, taxpayer, and state-law claims. *See id*. On September 17, 2019, Plaintiffs filed an Amended Complaint [18] adding an additional plaintiff. Defendants filed a Motion for Severance [20], arguing that the Court should sever the claims of each Plaintiff into individual actions. Mot. [20]. The Court granted Defendants' Motion [20] on March 2, 2020, and Plaintiffs' claims were severed into twelve separate cases, in addition

to the original parent suit. Order [67]. The Court ordered each Plaintiff to file an amended complaint in their individual case "set[ting] forth factual allegations and claims specific to him or her." *Id*. at 22.

Plaintiff Dina Singh ("Plaintiff"), who was employed by the City as the Benefits Coordinator in Human Resources, filed her Amended Complaint [68] on May 1, 2020, naming the City, King, and John Does 1-5 as Defendants. Am. Compl. [68] at 1. John Does 1-5 are allegedly

> unknown and unnamed parties who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, tortfeasors, joint tortfeasors, contractors, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims asserted herein.

*Id*. at 1-2. A year and half has passed and Plaintiff has not named, nor has she caused a summons to issue for, any of the John Doe Defendants in the Amended Complaint [68].

Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

More than 90 days have elapsed since Plaintiff filed her Amended Complaint [68], and she has not identified or served any of the John Doe Defendants with process. Nor has Plaintiff requested that the Clerk of Court issue a summons for

any of these Defendants. The Court will therefore require Plaintiff to show cause no later than **November 5, 2021**, why it should not dismiss Plaintiff's claims against Defendants John Doe 1-5 without prejudice pursuant to Rule 4(m).  If Plaintiff fails to respond or show good cause by that date, the Court will dismiss her claims against Defendants John Does 1-5 without prejudice, without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Dina Singh shall show cause on or before **November 5, 2021**, why the Court should not dismiss her claims against Defendants John Doe 1-5 without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**SO ORDERED AND ADJUDGED**, this the 18th day of October, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE